CARRIE B. COULTERS *vs.* THE SAND MAN, INC. *et al.*

MARCH 9, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. In the above entitled action the J. W. Bishop Co., a corporation, was garnisheed in an action of assumpsit. The garnishee duly filed its affidavit (P. L. 1930, Chap. 1608) wherein it stated that there was in the hands and possession of the J. W. Bishop Co. of the personal estate belonging to the defendant, The Sand Man, Inc., more than the *ad damnum* of the writ, subject, however, to an assignment from The Sand Man, Inc. to the Colonial Finance Corp., a Rhode Island corporation, a copy of which assignment was served upon the garnishee prior to the time of attaching the personal estate of the defendant, The Sand Man, Inc., said copy being made a part of this affidavit. (Then follows a copy of the assignment and a statement of other attachments.) The affidavit concludes with a prayer that the court determine whether or not the garnishee is chargeable.

The action was answered and assigned for trial. On the day of the trial the action against one defendant, Minutella, was discontinued, and the other defendant, The Sand Man, Inc., was called and defaulted. The action against it was continued for proof of damages to May 31, 1932, when, said proof having been made, decision was given for the plaintiff for the sum of $2,414.40 and costs, the garnishee was charged for that amount and judgment against the defendant was at once entered. After the execution was served, the Colonial Finance Corp. on June 3 secured a stay of the execution and filed a motion alleging its interest as claimant to the funds garnisheed and praying that the order charging the garnishee be vacated. The same day the garnishee filed a motion to vacate the judgment alleging as reason therefor a prior assignment to the Colonial Finance Corp.

After a hearing both motions to vacate the judgment were denied. On June 7, and within seven days after notice of the decision of May 31, the J. W. Bishop Co. took exception to said decision. The time for filing the bill of exceptions and transcript was fixed at July 15, on which day the bill and transcript were allowed. The Colonial Finance Corp.

filed its exception and notice of intention to prosecute a bill of exceptions July 20 and its bill of exceptions was allowed October 7.

The ground of the exception of the Colonial Finance Corp. is that the court erred in denying its motion to vacate the judgment and to discharge the garnishee, and of the J. W. Bishop Co. that the court erred in its decision charging it as garnishee.

Plaintiff filed motions to dismiss these bills of exceptions for the reasons that each exception was taken after the entry of final judgment and the issuance of execution. These motions raise the questions now in issue.

This was an answered case which required a decision by the court before the entry of judgment. G. L. 1923, C. 344, s. 1. *Gregson* v. *Superior Court*, 46 R. I. 362.

In garnishment proceedings (G. L. 1923, C. 351) there are two necessary decisions: (1) the right of plaintiff to recover against the defendant and the amount of such recovery; (2) the amount, if any, for which the garnishee is to be charged. The garnishee may file his affidavit or he may file an answer to the action and defend the same in the name of the defendant. The person signing the garnishee's affidavit may be summoned in at any time before final judgment and subjected to examination with respect to his affidavit.

Before the charging of a garnishee, the amount of plaintiff's recovery against the defendant must be determined; if no service has been made on defendant, plaintiff must prove his demand against defendant to the satisfaction of the court. (Sec. 20.) A garnishee is in certain respects a party to the action and he is entitled to prefer a bill of exceptions from the Superior Court or take an appeal from the district court. *Grimwood* v. *Capitol Hill Bldg. Co.*, 28 R. I. 32; *Merewether, Inc.* v. *Equi*, 53 R. I. 148. The garnishee must be charged before the entry of final judgment, but the action may be continued after decision against defendant for such time as may be necessary to determine the liability of the garnishee. *Stephanian* v. *District Court*, 29 R. I. 210.

In the instant action the entry of judgment on the day the decision was rendered was invalid. Such an entry may be regarded either as surplusage or, as was decided in *Lavelle v. Kimball,* 18 R. I. 786, it may be treated as a docket entry equivalent merely to a decision. In no event can such an entry deprive the garnishee of his statutory right to a review by bill of exceptions. As the exception of the garnishee, J. W. Bishop Co. was taken within the seven days allowed by statute and the bill of exceptions was duly allowed, the motion to dismiss this bill is denied.

An examination of the files in Superior Court No. 72976, *McKendall v. Patullo,* and in Superior Court No. 73681, *Burrows & Kenyon, Inc.* v. *Patullo,* reported in 52 R. I. 258, shows orderly procedure. In each of said cases entry of judgment was stayed until further order at the time of the rendition of decision. Subsequently, hearings were had in the Superior Court relating to garnishment, and after decision thereof, exceptions were taken by plaintiffs, bills of exceptions were perfected and the cases were certified to this court for hearing upon the bills of exceptions.

The Colonial Finance Corp., claimant to the fund, on its own motion could have become a party to the action so far as respects the title to the fund. (Chap. 351, s. 24.) As it failed to become a party to the action, the filing of its bill of exceptions on July 20 did not make it a party and did not give it any right to prosecute a bill of exceptions.

The motion to dismiss the bill of this claimant is granted.

*Frank H. Wildes,* for plaintiff.

*Ralph M. Greenlaw,* for garnishee.